Ramón Sánchez Viñas, Petitioner, *v.* District Court of Aguadilla, Respondent; Olga García Zaragoza, Intervener.

No. 1637. Argued April 10, 1946.—Decided April 11, 1946.

*E. Báez García* for petitioner. *Rafael Soltero Peralta* for intervener, plaintiff in the main action.

Mr. Justice Córdova delivered the opinion of the court.

We granted a writ of certiorari to review an order of the District Court of Aguadilla, which denied a motion filed by the father of an infant child, praying that the mother of the child be prohibited from removing the latter from Puerto Rico.

The record shows that the mother of the child obtained a judgment of divorce against the father, on the ground of desertion, and the judgment provided that the father could take the child with him every Sunday. Several years afterward, upon the father learning that the mother intended to remarry and to leave Puerto Rico with her husband and the child, he requested the district court, in a motion filed within the divorce proceedings, to prohibit the mother from removing the minor from Puerto Rico, as this would preclude him from exercising the right conferred upon him by the judgment to take his daughter with him every Sunday.

At the hearing of the motion, the mother admitted that she had remarried and that she intended to leave Puerto Rico with her daughter. No evidence was introduced. The court denied the motion on the ground that it was neither alleged nor proved that the child would be prejudiced in any way by leaving Puerto Rico with her mother or that she would be benefited to any extent by staying in Puerto Rico. The lower court partly said:

". . . It is requested from the court, as a matter of law, that in view of the form in which the judgment was rendered and of the stipulation made a part of that judgment whereby the father became entitled to see his daughter every Sunday and to take her with him on that and other days, as already stated, this court should order the mother to refrain from removing the child . . . . . from Puerto Rico. Practically, this would be tantamount to an injunction. If an injunction proceeding were instituted it would be the primary duty of this court to take into consideration the balance of the effects of its judgment and to grant or refuse the writ according to the relative inconvenience or injury resulting from the issuance of the writ. . . The court thinks that it would be clearly unjust that, as a matter of law and without proof of any benefit to the minor, the order prayed for should be issued. . . The court repeats that it would be ready to grant the relief sought if it were alleged and proved that it would be necessary for the welfare and interest of the child; if that were shown, the court would grant the relief prayed for, but it thinks that, as a matter of law, it must and does hereby deny the motion of the defendant in this case."

The lower court acted correctly. The decree of divorce does not prohibit the plaintiff from removing her daughter from Puerto Rico. That prohibition is requested now for the first time. To prohibit the mother from removing her daughter from Puerto Rico when it is necessary for the mother to absent herself from Puerto Rico for an indefinite time, might well be decisive to the welfare and future of the child. This is not a matter which can be determined on the basis of the interest or wishes of the father, since he is not entitled to the custody of the child. It is a matter which

must be decided on the basis of the welfare of the child. Since it has not been shown that the stay of the child in Puerto Rico is necessary or even conducive to her welfare, it would be improper to prohibit the mother from taking the minor with her when leaving Puerto Rico.

The writ issued should be discharged.